PROSKAUER ROSE LLP
David Diamond (ddiamond@proskauer.com)
Mark A. Saloman (msaloman@proskauer.com)
1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Defendant
*Jewish Home Lifecare*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- x
                                                        :
DANTE Y. BOCANEGRA,                                     :   Civil Action No. 1:08-cv-4692 (RPP)
                                                        :
                Plaintiff,                      :
                                                        :   **ANSWER**
    v.                                                :
                                                        :   **ECF CASE**
JEWISH HOME AND HOSPITAL                                :
MANHATTAN, JEWISH HOME LIFECARE                         :
DEVELOPMENT CORP, and JEWISH HOME                       :
AND HOSPITAL FOUNDATION,                                :
                                                        :
                Defendants.                     :
                                                        :
------------------------------------------------------- x

Defendant Jewish Home Lifecare (improperly pled as "Jewish Home and Hospital Manhattan, Jewish Home Lifecare Development Corp, and Jewish Home and Hospital Foundation" and referenced herein as "Defendant"), by its undersigned counsel, Proskauer Rose LLP, states in Answer to the Complaint of plaintiff Dante Y. Bocanegra ("Plaintiff") ("Complaint"):

### AS TO THE INTRODUCTION

1.    Except to admit that paragraph 1 of the Complaint purports to characterize the nature of the action and the relief sought by Plaintiff, Defendant denies the allegations contained in paragraph 1 of the Complaint.

## AS TO THE JURISDICTION

2.     The allegations contained in paragraph 2 of the Complaint set forth legal conclusions that Defendant is required to neither admit nor deny. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and leaves Plaintiff to his proofs.

3.     The allegations contained in paragraph 3 of the Complaint set forth legal conclusions that Defendant is required to neither admit nor deny. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and leaves Plaintiff to his proofs.

## AS TO THE PARTIES

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and leaves Plaintiff to his proofs.

5.     The allegations contained in paragraph 5 of the Complaint set forth legal conclusions that Defendant is required to neither admit nor deny. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint, except to admit that Jewish Home Lifecare is non-profit provider of, among other things, long-term care and rehabilitation services and operates a location in New York County.

6.     Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.     Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.     Except to admit that Jewish Home Lifecare is a non-profit provider of long-term care and rehabilitation in New York State, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Except to admit that Jewish Home Lifecare is a non-profit provider of long-term care and rehabilitation in New York State, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Except to admit that Jewish Home Lifecare is a non-profit provider of long-term care and rehabilitation in New York State, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Except to admit that Plaintiff was hired by Defendant's Manhattan Division on or about July 9, 2001 and that his employment was terminated effective September 17, 2007, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Except to admit that Plaintiff was hired by Defendant's Manhattan Division on or about July 9, 2001 and that his employment was terminated effective September 17, 2007, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Except to admit that Jewish Home Lifecare is a non-profit provider of long-term care and rehabilitation, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and leaves Plaintiff to his proofs.

## AS TO MATERIAL FACTS

30. Except to admit that Defendant's Manhattan Division is located at 125 West 106 Street, New York, New York 10025, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Except to admit that Jewish Home Lifecare is a non-profit provider of long-term care and rehabilitation, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Except to admit that Plaintiff was hired on or about July 9, 2001 as an Electrician, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and leaves Plaintiff to his proofs.

35. Except to admit that Earl Wharwood supervised Plaintiff, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and leaves Plaintiff to his proofs.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and leaves Plaintiff to his proofs.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and leaves Plaintiff to his proofs.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and leaves Plaintiff to his proofs.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and leaves Plaintiff to his proofs.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Except to admit that Plaintiff's employment was terminated effective September 17, 2007, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Except to admit that Plaintiff's employment was terminated effective September 17, 2007, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Except to admit that Plaintiff's employment was terminated effective September 17, 2007 for sleeping on the job, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
## FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

49. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

50. The allegations contained in paragraph 50 of the Complaint set forth legal conclusions that Defendant is required to neither admit nor deny. To the extent a response is required, Defendant admits that Plaintiff purports to recite § 2612 of the FMLA. Defendant denies that it violated the FMLA or otherwise engaged in any other unlawful conduct.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
## RETALIATION & INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT – 29 U.S.C. § 2601 *ET SEQ.*

52. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

53. The allegations contained in paragraph 53 of the Complaint set forth legal conclusions that Defendant is required to neither admit nor deny. To the extent a response is required, Defendant admits that Plaintiff purports to recite § 2615 of the FMLA. Defendant denies that it violated the FMLA or otherwise engaged in any other unlawful conduct.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

## AS TO INJURY AND DAMAGES

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

Defendant denies the allegations and claims for relief contained in the *ad damnum* clause of the Complaint.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendant.

## THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

## FOURTH SEPARATE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, or his recoverable damages should be reduced, because he failed to take reasonable steps to mitigate his damages.

## FIFTH SEPARATE DEFENSE

Defendant relied on legitimate non-discriminatory business factors for its actions and decisions with respect to the termination of Plaintiff's employment.

### SIXTH SEPARATE DEFENSE

Upon information and belief, the Complaint fails to state a claim upon which an award of compensatory damages, punitive damages, and/or attorneys' fees can be granted.

### SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of laches, waiver, misrepresentation, and/or unclean hands.

### EIGHTH SEPARATE DEFENSE

The claims in the Complaint, in whole or in part, are barred as to any matters for which Plaintiff has failed to exhaust, and/or has elected, administrative or other remedies.

### NINTH SEPARATE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the applicable statutes, regulations, ordinances, executive orders, or other relevant provisions of law.

### TENTH SEPARATE DEFENSE

To the extent Plaintiff seeks punitive damages, he is not entitled to recover punitive damages. There is no basis, legal or factual, for any demand for punitive damages.

### ELEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages on his claim of retaliation, to the extent he seeks such damages, because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant engaged in good faith efforts to comply with all laws prohibiting retaliation in employment.

### TWELFTH SEPARATE DEFENSE

Defendant acted in good faith and without malice, willfulness, recklessness or evil intent.

**THIRTEENTH SEPARATE DEFENSE**

To the extent Plaintiff seeks punitive damages, such claims are in contravention of constitutional safeguards provided under the Constitution of the United States of America and corresponding state constitutional provisions.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff failed to request a leave of absence under the FMLA from Defendant prior to Defendant's decision to terminate Plaintiff's employment.

**FIFTEENTH SEPARATE DEFENSE**

Defendant took reasonable measures to prevent, halt and remedy discrimination or retaliation in the workplace.

**SIXTEENTH SEPARATE DEFENSE**

Defendant took prompt and effective remedial action in response to any complaint of discrimination or retaliation.

**SEVENTEENTH SEPARATE DEFENSE**

Defendant is not liable to Plaintiff for discrimination or retaliation because Defendant exercised reasonable care to prevent and correct such behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant and otherwise failed to avoid harm.

**EIGHTEENTH SEPARATE DEFENSE**

At all material times hereto, Defendant maintained an appropriate policy and program against discrimination and an effective complaint procedure that was known and available to all employees. To the extent, Plaintiff availed himself of the policy/program, Defendant took prompt, remedial action to correct any alleged discrimination, or retaliation.

## NINETEENTH SEPARATE DEFENSE

To the extent that Plaintiff seeks to recover from Defendant for personal injuries allegedly incurred in the course of or arising out of his employment, such recovery is barred by the exclusivity provision of New York's workers' compensation law.

Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendant Jewish Home Lifecare demands judgment dismissing the Complaint against it in its entirety, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

By: s/*Mark A. Saloman*
PROSKAUER ROSE LLP
David Diamond (ddiamond@proskauer.com)
Mark A. Saloman (msaloman@proskauer.com)
1585 Broadway
New York, New York 10036
(212) 969-3000

Attorneys for Defendant
*Jewish Home Lifecare*

Dated: July 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2008, I caused to be served the foregoing Answer and Separate Defenses to the Complaint by ECF on the following counsel for plaintiffs:

Ismail S. Sekendiz, Esq.
Akin & Smith, LLC
305 Broadway
Suite 1101
New York, New York 10007

                                                         s/*Mark A. Saloman*
                                                         Mark A. Saloman

6473/40432-001 Current/11519992v1